NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JAN 0 5 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IDINGO LLC, a Delaware limited liability company, and HY ENTERPRISE, LLC, a Delaware limited liability company,

  Plaintiffs,

v.

AMIR COHEN, SHAY COHEN, and SHAMIR, LLC, a Delaware limited liability company,

  Defendants.

Civ. No. 16-6525

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on a motion to dismiss brought by Defendants Amir Cohen, Shay Cohen, and Shamir, LLC (collectively "Defendants"). (ECF No. 27). Plaintiffs Idingo LLC and HY Enterprise, LLC (collectively "Plaintiffs") oppose the motion. (ECF No. 29). The Court has decided the motion based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendants' motion is denied.

## BACKGROUND

This case arises out of the alleged use by Defendant Amir Cohen ("Amir Cohen") of his former employer's confidential, proprietary, and trade secret information. Plaintiff Idingo LLC ("Idingo") is a Delaware LLC that manufactures and sells health supplements online. (Compl. ¶¶ 5, 12, ECF No. 1). Plaintiff HY Enterprises, LLC ("HY") is a Delaware LLC and the wholly-owned affiliate of Idingo that performs Idingo's web development, marketing and advertising operations in

1

Modi'in, Israel. (*Id.* at ¶¶ 6, 13). Amir Cohen previously worked for Idingo and HY. (*Id.* at ¶ 24). Amir Cohen currently resides in Israel. (Decl. of Amir Cohen Ex. A, ECF No. 27-2). Defendant Shay Cohen ("Shay Cohen") is Amir Cohen's brother and the individual with whom Amir allegedly is currently in business. (*Id.* at ¶¶ 65–70). Defendant Shamir, LLC ("Shamir") is a Delaware LLC formed by Amir Cohen and Shay Cohen (*Id.* at ¶ 9).

Amir Cohen began working for Plaintiffs on January 10, 2016. (*Id.* at ¶ 24). Amir Cohen and Plaintiffs executed multiple documents in connection with his employment. The parties agreed to a Non-Disclosure/Confidentiality Agreement containing a forum selection clause which states, "Any and all disputes arising under or related to this agreement shall be adjudicated exclusively in Illinois." (Compl. Ex. A, ECF No. 1). The parties also agreed to an Employment Agreement containing a different forum selection clause which states, "Any dispute relating to the employer-employee relationship between the worker and the employer will have exclusive jurisdiction to the Regional Labor Court in Tel Aviv." (Compl. Ex. C, ECF No. 1).

During his time at Idingo, Amir Cohen was Director of Operations and Marketing at its location in Modi'in, Israel. (Compl. ¶ 24, ECF No. 1). Idingo was allegedly disappointed in Amir Cohen's lack of performance, and as a result, Idingo terminated his employment on June 19, 2016. (*Id.* at ¶¶ 35–36). Plaintiffs allege that Amir Cohen formed a competing business, Shamir, while he was still employed by Indigo and that Amir Cohen has been using Idingo's confidential, proprietary, and trade secret information in violation of his employment agreements and two post-employment restrictive covenants. Specifically, Idingo alleges that Shamir is selling similar health supplement products online using near identical features, symbols, logos and designs as its products. (*Id.* at ¶¶ 46–55). In this lawsuit, Plaintiffs allege multiple counts against the various defendants, including: 1) breach of fiduciary duty of loyalty; 2) aiding and abetting breach of fiduciary duty of loyalty; 3) violation of the Defend Trade Secrets Act; 4) common law


misappropriation of trade secrets; 5) breach of contract; 6) tortious interference with prospective economic relations; 7) violation of the Lanham Act; 8) common law unfair competition; 9) violation of the New Jersey Fair Trade Act; 10) and violation of the New Jersey Consumer Fraud Act. (*See id.* at ¶¶ 61–112).

The Court previously scheduled a hearing on Plaintiffs' motion for a preliminary injunction on November 17, 2016. On October 26, 2016, the parties agreed to adjourn that preliminary injunction hearing until after the Court decided Defendants' forthcoming motion to dismiss, which was to be filed by November 2, 2016. (*See* ECF No. 23). Subsequently, Defendants requested a five-day extension to file their motion to dismiss, and Defendants filed the instant motion on November 7, 2016. (ECF No. 27). Therefore, Defendants' motion to dismiss is presently before the Court.

## DISCUSSION

Defendants argue that Plaintiffs' Complaint should be dismissed under Fed.R.Civ.P. 12(b)(5), 12(b)(7), and 12(b)(6). The Court will address each of Defendants' arguments in turn.

### I. Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(5)

#### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a case for insufficient service of process. "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). If a court finds that a complaint has not been properly served, the court must apply a two-step inquiry before it may dismiss the complaint. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). First, the court should determine whether good cause exists for a time extension. *Id.* If a plaintiff demonstrates good cause, the time to serve process must be extended. *Id.* In the absence of good cause, however, "the court may in its discretion decide whether to dismiss the case without

prejudice or extend time for service." *Id.*; *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). "District courts possess 'broad discretion' when evaluating a motion to dismiss for insufficient service of process." *Hoist v. New Jersey*, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013) (internal citation omitted). "Where a plaintiff acts in good faith, but fails to effect proper service of process, courts are reluctant to dismiss an action." *Id.* (internal citation omitted). "Rather, courts will elect to quash service and grant plaintiff additional time to properly serve the defendant." *Id.*

### b. Analysis

First, Defendants argue that Plaintiffs' claims against Amir Cohen should be dismissed under Fed.R.Civ.P. 12(b)(5) for insufficient service of process. Fed.R.Civ.P. 4(f) governs service of an individual in a foreign country. In relevant part, Fed.R.Civ.P. 4(f) provides the acceptable means of serving individuals in a foreign country: "Unless federal law provides otherwise, an individual ... may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; ... (3) by other means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. 4(f). The Hague Convention mentioned in Fed.R.Civ.P. 4(f)(1) is a multilateral, international treaty designed to provide a simplified way to serve process abroad. *See Friedman v. Israel Labour Party*, 1997 WL 379181, at *2 (E.D.Pa. 1997). Israel is a signatory to the Hague Convention. *Id.*

In this case, Amir Cohen currently resides in Israel. (Decl. of Amir Cohen Ex. A, ECF No. 27-2). Defendants argue that Plaintiffs have failed to properly serve Amir Cohen in Israel. (Defs.' Mot. at 3–8, ECF No, 27). Defendants further argue that Plaintiffs acted in bad faith by representing to this Court that Plaintiffs personally served Amir Cohen at an address in Brooklyn.

4

(*Id.* at 6–8). As a result, Defendants posit that Plaintiffs' claims against Amir Cohen should be dismissed. (*Id.* at 3–8). In opposition, Plaintiffs argue that the Court should find that service has been effectuated on Amir Cohen under Fed.R.Civ.P.4(f)(3) due to Plaintiffs' service of the summons on Amir Cohen's counsel of record and service upon Shamir, LLC, of which Amir Cohen is a fifty percent owner. (Pls.' Opp'n Br. at 12–16, ECF No. 29). In the alternative, Plaintiffs argue that they have not acted in bad faith here and the Court should allow Plaintiffs a reasonable time to serve Amir Cohen under the Hague Convention. (*Id.* at 16–18).

Due to Amir Cohen's foreign residence in Israel, Fed.R.Civ.P 4(f) applies to Plaintiffs' service of the complaint on him. The Court is not persuaded that Plaintiffs have adequately proven proper service on Defendant Amir Cohen under Fed. R. Civ. P. 4(f). Specifically, Plaintiffs have failed to demonstrate that service of the complaint on Amir Cohen's counsel of record or service upon Shamir, LLC is not barred by international agreement, as required by Fed.R.Civ.P.4(f)(3). However, the time in which Plaintiffs are required to serve Defendants has not yet run. Federal Rule of Civil Procedure 4(m) is clear that the ninety-day timeframe for service contained therein does not apply to Fed.R.Civ.P. 4(f). Rather, service on a defendant in a foreign country is more appropriately subject to a "flexible due diligence standard." *In re Bulk [Extruded] Graphite Prod. Antitrust Litig.*, 2006 WL 1084093, at *3 (D.N.J. Apr. 24, 2006). Additionally, District Courts in this Circuit have previously granted Plaintiffs multiple months to serve Defendants in a foreign country under the Hague Convention. *See, e.g., In re Bulk [Extruded] Graphite Prod. Antitrust Litig.*, 2006 WL 1084093, at *3 (D.N.J. Apr. 24, 2006) (noting that Plaintiff was granted 150 days to effect service in Germany under the Hague Convention); *United States ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 516 (E.D. Pa. 2010) (Plaintiff received six months to effectuate service in Germany under the Hague Convention). The Court is not persuaded that Plaintiffs have acted in bad faith or have failed to act diligently such that a dismissal of Plaintiffs' claims is warranted, and

5

as of this date, Plaintiffs have not failed to effect proper service under Fed.R.Civ.P. 4(f). Therefore, the Court will not dismiss Plaintiffs' claims against Amir Cohen. Defendants' motion to dismiss based on Fed.R.Civ.P. 12(b)(5) is denied.

The Court notes that Plaintiffs are required to properly serve Amir Cohen. The Court will grant Defendants an extension of time to properly serve Amir Cohen under the Hague Convention. However, if Plaintiffs do not complete proper service within one-hundred and twenty (120) days of the date of this order, or show good cause why service has not been made prior to that date, the action will be dismissed as to Amir Cohen.

II. **Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(7)**

   a. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(7) permits a court to dismiss a complaint for failure to join a required party under Federal Rule of Civil Procedure 19. In reviewing a Rule 12(b)(7) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 F. App'x 803, 805 (3d Cir. 2003). "The moving party must demonstrate that a non-moving party is both necessary and indispensable under Rule 19 and, as such, must be joined in the action." *Malibu Media, LLC v. Tsanko*, 2013 WL 6230482, at *7 (D.N.J. Nov. 30, 2013). If the party is necessary and indispensable to the action and joinder would deprive the court of subject matter jurisdiction, the court must dismiss the complaint. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993).

   b. **Analysis**

Second, Defendants argue that after Amir Cohen is dismissed from this lawsuit as a result of Plaintiffs' insufficient service of process on him, Plaintiffs' Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(7) because Amir Cohen is a necessary party.

As discussed in the preceding section of this Opinion, Plaintiffs' claims against Amir Cohen have not been dismissed. Amir Cohen is presently before this Court, and therefore, it is clear that he is not an absent necessary or indispensable party contemplated by Fed.R.Civ.P. 19. As a result, Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(7) must fail.

### III.  Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

#### a.  Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

#### b.  Analysis

Lastly, Defendants argue that Plaintiffs' Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) due to the applicability of a forum selection clause in the Non-

Disclosure/Confidentiality Agreement selecting Illinois as the exclusive forum to resolve disputes between Idingo LLC and Amir Cohen.

The Third Circuit has made it clear that "a 12(b)(6) motion for dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001). Federal courts apply "federal law when determining the effect of forum selection clauses because '[q]uestions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature.'" *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 Fed. Appx. 82, 84 (3d Cir. 2006) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)).

"Forum selection clauses are entitled to great weight, and are presumptively valid." *Id.* at 85 (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983)). The Supreme Court has held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause is "unreasonable" where the party opposing its enforcement can make a "strong showing" that: (1) "the clause was procured through 'fraud or overreaching'"; (2) its enforcement would contravene a strong public policy of the forum; or (3) "the forum... selected is so gravely difficult and inconvenient that [the party] will for all practical purposes be deprived of [its] day in court." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (internal citations omitted); *see also M/S Bremen*, 407 U.S. at 10, 15, 18. This Court recently found that an otherwise valid forum selection clause could not be enforced because it violated the public policy objective of New Jersey's entire controversy doctrine. *See Liberty Ins. Corp. v. Bulk Express Logistics, Inc.*, 2016 WL 2889543 (D.N.J. May 16, 2016).

8

In this case, it is undisputed that the parties agreed to a Non-Disclosure/Confidentiality Agreement containing a forum selection clause which states, "Any and all disputes arising under or related to this agreement shall be adjudicated exclusively in Illinois." (Compl. Ex. A, ECF No. 1) ("Illinois Forum Selection Clause"). Defendants argue that this Court should dismiss all of Plaintiffs' claims against them due to the applicability of the Illinois Forum Selection Clause.[1] (Defs.' Mot. at 9–15, ECF No. 27). In opposition, Plaintiffs argue that the Illinois Forum Selection Clause is unreasonable and not enforceable because it violates New Jersey's entire controversy doctrine. (Pls.' Opp'n Br. at 21–25, ECF No. 29).

Plaintiffs cite *McNeill v. Zoref*, 297 N.J. Super. 213, 222–23 (App. Div. 1997) to demonstrate the policy objectives behind New Jersey's entire controversy doctrine. (*Id.* at 21–23). In *McNeill*, the New Jersey Appellate Division noted that the entire controversy doctrine dictates that courts should strive to resolve "all claims against all potential defendants in one encompassing litigation." *Id.* at 222. Further, the court stated, "The threefold objectives behind the doctrine are (1) to encourage the comprehensive and conclusive determination of a legal controversy; (2) to achieve party fairness, including both parties before the court as well as prospective parties; and (3) to promote judicial economy and efficiency by avoiding fragmented, multiple and duplicative litigation." *McNeill*, 297 N.J. Super. at 223 (internal citations omitted).

In this case, the policy objectives behind the New Jersey entire controversy doctrine deserve substantial weight. The Court is persuaded by Plaintiffs' argument that if the Court were to enforce this forum selection clause, while Plaintiffs' claims against Amir Cohen may be brought in Illinois, Plaintiffs' claims against Shay Cohen and Shamir likely could not be brought in Illinois. As a

---

[1] The parties' Employment Agreement contained a different forum selection clause which states, "Any dispute relating to the employer-employee relationship between the worker and the employer will have exclusive jurisdiction to the Regional Labor Court in Tel Aviv." (Compl. Ex. C, ECF No. 1) ("Tel Aviv Forum Selection Clause"). However, Defendants' arguments in support of its 12(b)(6) motion for dismissal are not based on the Tel Aviv Forum Selection Clause.

9

result, Plaintiffs' claims against Shay Cohen and Shamir would continue in this Court, and separate cases involving extremely similar facts and claims would proceed in two court systems. This would result in fragmented and duplicative litigation. Additionally, the Court notes that, while Defendants seek dismissal of Plaintiffs' claims pursuant to the Illinois Forum Selection Clause, Defendants concede in their reply brief that "transferring the case to Illinois would be more inconvenient to all parties. Thus, it does not make sense to transfer to Illinois." (Defs.' Reply Br. at 10, ECF No. 32). It appears that all the relevant parties are presently before this Court, and none of the parties desire that this case be transferred to Illinois. Enforcement of the Illinois Forum Selection Clause would run counter to the policy objectives behind New Jersey's entire controversy doctrine. Therefore, the Court finds that the Illinois Forum Selection Clause is unreasonable and declines to enforce it. Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) will be denied.

## CONCLUSION

For the reasons stated herein, Defendants' motion is denied. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

Date: 1/4/17