NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RECEIVED
JUN 0 2 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IDINGO LLC, a Delaware limited liability company, and HY ENTERPRISE, LLC, a Delaware limited liability company,

Plaintiffs,

v.

AMIR COHEN, SHAY COHEN, and SHAMIR, LLC, a Delaware limited liability company,

Defendants.

Civ. No. 16-6525

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on a motion to enforce settlement brought by Plaintiffs Idingo LLC and HY Enterprise, LLC (collectively "Plaintiffs"). (ECF No. 37). Defendants Amir Cohen, Shay Cohen, and Shamir, LLC (collectively "Defendants") oppose the motion. (ECF No. 39). The Court has decided the motion based on the written submissions of the parties and a hearing held on May 10, 2017. For the following reasons, Plaintiffs' motion is denied.

## BACKGROUND

This case is a dispute over an employee who left a company and allegedly unlawfully misappropriated the company's trade secrets and confidential information and competed with the company in violation of his employment agreements. The Court previously entered an order, which temporarily enjoins Defendants from, *inter alia*, selling or marketing health supplement products that Plaintiffs also sell, and from using or disclosing Plaintiffs' confidential information or trade secrets. (ECF No. 7). The Court has since ruled on Defendants' motion to dismiss and it appears

1

that the parties engaged in settlement negotiations. Subsequently, Plaintiffs filed the instant motion to enforce settlement. (ECF No. 37).

## **DISCUSSION**

"Construction and enforcement of settlement agreements is governed by state law." *Muhammad v. Dept. of Corrections*, 2012 WL 1393052, at *2 (D.N.J. Apr. 20, 2012) (citing *Excelsior Ins. Co. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 348–49 (D.N.J.1996)). In New Jersey, a settlement is a "contract like any other contract," *id.* (quoting *Peskin v. Peskin*, 271 N.J. Super. 261, 683 (App. Div. 1994)), and should be honored and enforced absent "a demonstration of fraud or other compelling circumstances." *Lawn Doctor, Inc. v. Rizzo*, 2012 WL 6156228, at *6 (D.N.J. Dec. 11, 2012) (quoting *Pascarella v. Bruck*, 190 N.J. Super. 118, 124–25 (App. Div. 1983) (internal quotations omitted)). Like a contract, a settlement must have "the basic contract formation elements of offer and acceptance of sufficiently definite essential terms, or in other words, mutual asset to the same terms (a 'meeting of the minds')." *LNT Merchandising Co. v. Dyson, Inc.*, 2009 WL 2169236, at *2 (D.N.J. Jul. 21, 2009).

New Jersey has a "strong public policy favoring settlements," *Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990), such that courts "strain to give effect to the terms of a settlement wherever possible," *Dep't of Pub. Advocate v. N.J. Bd. Of Pub. Utils.*, 206 N.J. Super. 523, 527–28 (App. Div. 1985). As such, oral settlements are binding, even when the parties "contemplate the later execution of a formal document to memorialize their undertaking." *U.S. v. Lightman*, 988 F. Supp. 448, 459 (D.N.J. 1997). The party seeking to enforce the settlement has the initial burden of proving its existence. *See Lightman*, 988 F. Supp. at 458.

In this case, it appears that the parties engaged in settlement negotiations and exchanged multiple drafts of a consent judgment and settlement agreement. The main issue here is whether the parties came to an agreement regarding the amount of the liquidated damages provision in these

2

documents. Originally, on January 17th, Plaintiffs' counsel sent a draft consent judgment to Defendants' counsel, which included a $50,000 liquidated damages provision. (Declaration of Bruce D. Greenberg ("Greenberg Decl."), ECF No. 37-2 at ¶ 8). Defendants' counsel provisionally responded that Defendants could agree to the substantive terms, but would also need to review a full settlement agreement. (*Id.* ¶ 9). On January 24th, Plaintiffs' counsel sent a draft of a full settlement agreement, which contained a revised liquidated damages provisions in the amount of $500,000. (*Id.* ¶¶ 11–12). The parties then negotiated over and edited the settlement agreement and consent judgment via e-mail. On February 7th, Plaintiffs' counsel sent proposed final versions of the documents to Defendants' counsel. (*Id.* ¶ 16). On February 13th, Defendants' counsel returned signed, but altered, versions of both documents. (*Id.* ¶ 17). The liquidated damages provision in both documents had been changed from $500,000 to $50,000. (*Id.* ¶ 17).

Plaintiffs seek to enforce the version of the settlement agreement and consent judgment sent to Defendants via e-mail on February 7th. Defendants argue that they never manifested an intent to be bound by that agreement, which included the $500,000 liquidated damages provision. It appears to the Court that the liquidated damages provision is a material term of the proposed agreements, and the parties never agreed on a specific amount for that provision. Despite negotiations between the parties, the Court is not persuaded that both parties ever demonstrated mutual assent to the terms of any one version of the consent judgment and settlement agreement. Plaintiffs have not met their burden of proving that the parties agreed to a binding settlement agreement. Plaintiffs' motion to enforce settlement will be denied, and the temporary restraints previously ordered by the Court will remain in effect.

## CONCLUSION

For the reasons stated herein, Plaintiffs' motion is denied. An appropriate order will follow.

Date: June 2, 2017

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

3